Filed 07/22/26

| VERMONT SUPERIOR COURT | | CIVIL DIVISION |
|---|---|---|

VERMONT SUPERIOR COURT
Washington Unit
65 State Street
Montpelier VT 05602
802-828-2091
www.vermontjudiciary.org



CIVIL DIVISION
Case No. 25-CV-02602

**Stephen Maynus v. State of Vermont et al**

## ENTRY REGARDING MOTIONS 11, 13, 14, 15

Title:       Motion for Relief From Judgment; ion; Motion for Deposition/Production of Documents Pending Appeal; ; to Expedite Motion for Perpetuation of Testimony (M/11); FOR LEAVE TO FILE AMENDED RESPONSE TO PLAINTIFFS MOTION FOR RELIEF FROM JUDGMENT OR ORDER (Motion: 11; 13; 14; 15)

Filer:        Stephen Maynus; Stephen Maynus; Stephen Maynus; Peter A. Sterling

Filed Date:  June 13, 2026; June 15, 2026; June 28, 2026; July 02, 2026

On March 25, 2026, the court granted in part defendants' motion to dismiss Plaintiff Stephen Maynus's amended complaint, resolving all remaining issues in this case. On April 22, 2026, Maynus filed a Rule 59(e) motion to alter or amend. He filed his notice of appeal on May 27, 2026.

The court denied the Rule 59(e) motion on June 8, 2026, triggering the Supreme Court's appellate jurisdiction. See V.R.A.P. 4(b)(5), 4(e)(2).

On June 13, 2026, Maynus filed a Rule 27(b) petition to conduct discovery during the pendency of the appeal (Mot. 11) and a separate motion on June 28 requesting that the court decide Mot. 11 in an expedited manner (Mot. 14). Maynus also filed on June 15 a motion seeking relief from judgment under Rule 60(b) (Mot. 13). The State opposed the last motion and then filed its own motion seeking leave to file an amended opposition (Mot. 15).

For the reasons that follow, the court DENIES all Mots. 11, 13, 14 and 15.

## I.       Discovery during the appeal

Rule 27(b) gives the court limited jurisdiction to grant a party leave to conduct discovery during appeal if the court "finds that the perpetuation of the testimony or other discovery is proper to avoid a failure or delay of justice." See V.R.C.P. 27(b) ("If an appeal has been taken from a judgment of a superior court . . . the superior court in which the judgment was rendered may allow [discovery].)"; see also 10A Fed. Proc., L. Ed. § 26:378 (describing jurisdictional exception). "Rule 27(b) is intended to permit preservation of evidence which might otherwise be lost as a result of the delays inherent in the appellate process." 2 Motions in Federal Court § 7:38 (3d ed.).

The court has "discretion to refuse leave for discovery pending appeal if the application for leave fails to show, other than by conclusory remarks, that evidence is likely to be lost while

the appeal is pending, and that a failure of justice will therefore result." 8A Fed. Prac. & Proc. Civ. § 2076 (3d ed.). "Before exercising that discretion to grant the motion, the [c]ourt must be persuaded that the movant has demonstrated 'a specific need to preserve the testimony, and that a loss of the testimony would result in a failure of justice.'" *Norex Petroleum Ltd. v. Access Indus., Inc.*, 620 F. Supp. 2d 587, 591 (S.D.N.Y. 2009). The party seeking discovery has the "burden of demonstrating that the testimony . . . it seeks to perpetuate will be lost and a concomitant failure of justice will attend, if the instant motion is not granted." *Id.* Difficulty in obtaining testimony, even through something like Hague Convention procedures, does not suffice. *Id.*

Maynus seeks the production of documents "related to financial data held by defendant Vermont National Guard." Mot. 11, at 1. He "[r]equests . . . production of documents to ensure they are not disposed due to timeliness pending appeal, nominally under the guise of routine document destruction." *Id.* at 2. He notes that he "is treating this production request as a 'supercharged' public access request as Plaintiff has the right to see these documents regardless of any litigation." *Id.* at 3.

He also seeks to conduct the written deposition of a "MAJ Kafferlin," "the principal legal advisor for Defendant The Adjutant General for duration of Am. Compl., who Plaintiff also understands is key related to the signing of financial documents related to the Vermont National Guard and the U.S. Government, and is solicited by commanders and staff officers for general statutory or regulatory interpretation in an informal manner." *Id.* Maynus says Kafferlin is "mobilizing" soon, making him imminently unavailable. *Id.*

Maynus's additional requests include "production into employees['] personal computers and cellular phones," in part due to his "reasonable formed beliefs" that unspecified people used a mobile application "not known to [Maynus] as an application approved for Government phones" to scan exhibits as part of "a Financial Investigation." *Id.* at 13.

Under the standards described above, the court concludes Maynus has not met his burden under Rule 27(b). He has offered only "conclusory remarks, that evidence is likely to be lost while the appeal is pending, and that a failure of justice will therefore result." 8A Fed. Prac. & Proc. Civ. § 2076 (3d ed.). He has noted only potential challenges in the deposition of MAJ Kafferlin. See *Norex Petroleum Ltd.*, 620 F. Supp. 2d at 591. Neither suffices.

## II.     Rule 60(b) Motion

Maynus filed his Rule 60(b) motion (Mot. 13) after the appellate jurisdiction of the Vermont Supreme Court commenced, generally divesting this court of jurisdiction. The state opposed the motion both because this court lacks jurisdiction during the appeal and on the substance. It then filed a motion (Mot. 15) seeking leave to amend its opposition due to its revised belief that the trial court does have jurisdiction over Rule 60(b) motions during the appeal.

The court denies both motions without addressing the substance of the Rule 60(b) request because it lacks jurisdiction during the pendency of the appeal. "While a cause is pending in this [Vermont Supreme] Court, the trial courts have no power to rule on V.R.C.P. 60(b) motions in the

absence of a remand for that purpose." *Kotz v. Kotz*, 134 Vt. 36, 39 (1974). "[A] party seeking relief under V.R.C.P. 60(b) may petition [the Vermont Supreme Court] for a remand so that a motion under that rule may be heard and determined in the trial court while jurisdiction over the appeal is retained in this Court." *Id.*

V.R.A.P. 4(a)(4) did not supersede *Kotz*. Contrast Defs.' Mot. Lv Am. Resp. at 1 (suggesting otherwise). It clarified a narrow exception. Rule 4(a)(4) provides: "A notice of appeal filed before the timely making or disposition of any of the motions set forth in Rule 4(b) is effective when the motion is decided unless the motion is withdrawn." Rule 4(b)(7) refers to certain Rule 60 motions not applicable here. See Rule 4(b)(7) (referring to orders "granting or denying a motion for relief under V.R.C.P. 60 if the motion is filed no later than 28 days after the entry of judgment" but if "the order is one denying a motion under V.R.C.P. 60(b) for relief from a default judgment, the motion need only be timely under that rule.").

The Supreme Court made clear the purpose for this 2006 amendment of Rule 4(b)(7): "to allow a hearing in the trial court on such a Rule 60(b) motion without the necessity for remand" otherwise required by *Kotz*. V.R.A.P. 4 Rptrs.' Notes – 2006 Amdt. "Such a Rule 60(b) motion" refers specifically to "a motion under V.R.C.P. 55(c) and 60(b) for relief from a default judgment to terminate the time for appeal as long as the motion was timely under V.R.C.P. 60(b)." *Id.*

Maynus's is not "such a Rule 60(b) motion." This case involved no default judgment.

Maynus filed his Rule 60(b) motion after both his notice of appeal and the court's Rule 59 decision. At that point, the Vermont Supreme Court took jurisdiction over the case. See V.R.A.P. 4(b)(5), 4(e)(2). Under *Kotz*, this court lacks jurisdiction to address Maynus's Rule 60(b) motion in the absence of a remand.

Rule 4(b) is titled "tolling," not "jurisdiction." Its provisions spell out various circumstances under which "the full time for appeal begins to run." V.R.A.P. 4(b). See also V.R.A.P. 4 Rptrs.' Notes – 1992 Amendment ("The running of the appeal period applicable to the default judgment ceases to be tolled once the trial court denies the Rule 60(b) motion."). The rule does not purport in form or substance to change that the Supreme Court, not this court, now has jurisdiction of this case under *Kotz*.

### III.    Order

For the reasons set forth above, the court DENIES Motions 11, 13, 14, and 15.

Electronically signed pursuant to V.R.E.F. 9(d) on July 20, 2026.

Colin Owyang
Superior Court Judge